IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD HENNEBERG, #Y40172,      )
                                )
            Plaintiff,          )
                                )
vs.                             )        Case No. 20-cv-00223-JPG
                                )
SECURUS CORRECTIONAL            )
SERVICES,                       )
                                )
            Defendant.          )

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Donald Henneberg, an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was denied telephone access for more than two months at Vandalia when Securus Technologies failed to process a list of phone numbers he provided to prison officials on December 13, 2019. (Doc. 1, p. 6). Plaintiff was unable to phone his attorney, his sick mother, or any other family members. (*Id*.). He seeks money damages from Securus for violating his First Amendment rights. (*Id*. at 7).

The Complaint is now ripe for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

> **Count 1:**    First Amendment claim against Securus Correctional Services for failing to process a list of phone numbers Plaintiff provided to Vandalia officials on December 13, 2019.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Plaintiff's only claim focuses on deprivations of his constitutional rights by Securus, a private corporation that provides phone services at Vandalia.  A private corporation that contracts to provide essential government services cannot be held liable under Section 1983 unless the corporation's own policy, custom, or practice causes the constitutional deprivation at issue. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).  *Respondeat superior* liability is inapplicable under Section 1983.  *Id*. (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)).  The Complaint describes no policy, custom, or practice by Securus that resulted in a deprivation of Plaintiff's constitutional rights.  Accordingly, the Complaint shall be dismissed for failure to state a claim upon which relief may be granted.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice.  Plaintiff is **GRANTED** leave to file an Amended Complaint on or before **June 22, 2020**.  Should Plaintiff fail to file an Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

When preparing his Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District.  He should label the form, "Amended Complaint," and list the case number for this action (No. 20-cv-00223-JPG) on the first page.  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

3

DATED: 5/26/2020                           s/J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **United States District Judge**