## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DONALD HENNEBERG, #Y40172,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-00223-JPG** |
| | ) | |
| **SECURUS CORRECTIONAL** | ) | |
| **SERVICES**, | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint filed by Plaintiff Donald Henneberg on June 18, 2020. (Doc. 12). Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Vandalia Correctional Center ("Vandalia"). He brings this civil rights action pursuant to 42 U.S.C. § 1983 against Securus Correctional Services for denying him access to the telephone for more than two months. (*Id*. at 6). He seeks money damages from Securus. (*Id*. at 7).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff sets forth the following allegations in the Amended Complaint  (Doc. 12, p. 6): From December 10, 2019 until February 25, 2020, Plaintiff was unable to use the phone at Vandalia Correctional Center.  His family did not know where he was, and he was unable to speak with his mother while she was dying of cancer.  He was also unable to contact his attorney with important information about a case.  Plaintiff could not write to his family or his attorney because he had no money to purchase stamps.  He blames Securus Correctional Services for denying him phone access and claims that the deprivation resulted from its policy, custom, or practice of failing to process phone contact requests for "months and months."  (*Id.*).

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* First Amended Complaint:

> **Count 1:**   First and/or Fourteenth Amendment claim against Securus for preventing Plaintiff from making phone calls to his family and/or attorney at Vandalia between December 10, 2019 until February 25, 2020, by instituting a policy, custom, or practice of waiting "months and months" to process inmate requests for authorization of phone records/numbers/contacts.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Discussion**

Under the First Amendment, prisoners have a right to communicate with individuals outside the prison.  *Boriboune v. Litscher*, 91 Fed. Appx. 498, 499 (7th Cir. 2003) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).  However, this right is not unqualified. *Washington v. Reno*, 35 F.3d 1093, 1100 (7th Cir. 1994).  Even where a First Amendment right to telephone access is recognized, courts have held that it may be limited under *Turner v. Safley*, 482

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

U.S. 78, 89 (1987), if a regulation is reasonably related to a legitimate penological interest. *Boriboune*, 91 Fed. Appx. at 499 (citing *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000)).

Under the Fourteenth Amendment, state actors are prohibited from depriving an inmate of a liberty interest without due process of law.  However, "[l]iberty interests arise only from . . . policies that impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Smith v. Birkey*, 447 Fed. App'x 744, 746 (7th Cir. 2011) (*Wilkinson v. Austin*, 545 U.S. 209, 221-23 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (7th Cir. 2005)). Unreasonable restrictions on an inmate's telephone access may violate the First and/or Fourteenth Amendments, depending upon the circumstances.  *See, e.g., Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir. 1991) *Dietzen v. Mork*, 101 F.3d 110 (7th Cir. 1996) (unpublished).

Here, Plaintiff claims that Securus has a policy, custom, or practice of waiting for "months and months" to process inmate phone contact requests.  (Doc. 12, p. 6).  A private corporation that contracts to provide essential government services can be liable under Section 1983 if its policy, custom, or practice causes a constitutional deprivation.  *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).  The allegations suggest that Securus' policy, custom, or practice of delaying authorization for phone access deprived Plaintiff of all contact with his dying mother and attorney for more than two months at Vandalia.  Given these allegations, the Court cannot dismiss Count 1 against Securus, and this claim shall receive further review.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 12) survives screening under 28 U.S.C. § 1915A.   **COUNT 1** will receive further review against **SECURUS CORRECTIONAL SERVICES**.  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 13) of the Order

3

Dismissing Complaint (Doc. 11) is **DISMISSED** as **MOOT**.

The Clerk of Court shall prepare for Defendant **SECURUS CORRECTIONAL SERVICES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 12), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

4

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 7/30/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**