IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG, #Y40172, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00223-JPG |
| ) | |
| SECURUS CORRECTIONAL ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Donald Henneberg, a former inmate of the Illinois Department of Corrections ("IDOC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Securus Correctional Services for denying him access to the telephone during his incarceration at Vandalia Correctional Center ("Vandalia"). (Doc. 12, p. 6). He seeks money damages. (*Id*. at 7).

The First Amended Complaint survived screening pursuant to 28 U.S.C. § 1915A. (Doc. 12). On July 30, 2020, the Court entered an Order for Service of Process on Securus Correctional Services. (Doc. 15). On September 15, 2020, Securus Technologies, LLC appeared in this matter and indicated that it was the proper defendant, not Securus Correctional Services. According to Securus Technologies, LLC, it was "erroneously identified as 'Securus Correctional Services.'" (Doc. 22).

To clear up the matter, the Court entered an Order requiring Plaintiff to file a Motion to Substitute the Defendant to correct the name on or before October 19, 2020. (Doc. 24). The Court warned Plaintiff that failure to respond to the Order by the deadline may result in dismissal of the defendant, and this action, for failure to comply with a court order and/or prosecute Plaintiff's

claim(s).  FED. R. CIV. P. 41. (*Id.*).  Plaintiff did not respond.  More than a week has passed since the deadline expired, and the Court has received no communication from him.  The Court will not allow this matter to linger indefinitely.  This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Order.  *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court **DISMISSES** this action with prejudice for failure to prosecute.  The Motion to Dismiss for Failure to State a Claim Against Securus Technologies, LLC (Doc. 23) is **DISMISSED** as **MOOT**.  The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED**.

**DATED: 10/27/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
